SOUTHWICK, P.J.,
dissenting.
¶ 21. It is with respect for the majority’s views that I nonetheless dissent. The evidence supports the jury’s verdict, but that verdict was reached without the instruction necessary for consideration of Parker’s only defense. Since the jury was not fully informed of all the law necessary for its deliberations, I would reverse.
¶ 22. The majority opinion fairly presents the evidence in the case. Parker argues that he was told by phone that his girlfriend was being beaten by David Jordan. This placed him into a state of such rage as to make the homicide one committed in the heat of passion. It is acknowledged that Parker was immediately angered by the news about his girlfriend. He obtained a gun and took a five minute drive to Jordan’s residence. There, even before he got out of his vehicle, he was told that Jordan “was beating [his girlfriend] in the face.” Parker then immediately tried to shoot Jordan, but his gun jammed. After correcting the problem, he ran after Jordan and fired fifteen rounds at him. Thirteen struck the victim. A witness said that Parker was acting dazed,' “like he wasn’t there.”
¶ 23. Parker asked for an instruction on heat of passion manslaughter, but it was refused. The majority finds this to be correct for several reasons. Though Parker was angry, the provocation is found not to be one that “would naturally and instantly produce, in the minds of ordinarily constituted men, the highest degree of exasperation.” Further weakening the proof is that Parker did not see his girlfriend struck but only heard about it, that he drove for five minutes before reaching his victim, and that being retold the same story at Jordan’s house constituted no “additional information ... that could have provoked a new fit of rage” sufficient to justify the instruction.
¶ 24. The evidence also shows that Parker had lived with the woman whom Jordan hit until five days before the homicide, that both Parker and his girlfriend believed that she was pregnant with his child, and that he still loved her.
¶ 25. One authority cited by the majority involved two men who initially were playfully scuffling, but the tug and pull became more heated. Calvin v. State, 175 Miss. 699, 168 So. 75, 76 (1936). The accused *527 became angry, used strong language, and went to obtain his gun. I too find this case important, but because the supreme court held that it was for the jury to decide whether too much time had passed from the fight until Calvin got his gun and used it. Id., 175 Miss, at 703, 168 So. 75. Exactly so. The argument in Calvin was whether a peremptory instruction acquitting of murder should have been given, leaving it for the jury solely to determine whether Calvin should be found guilty of manslaughter or should be acquitted. Id. at 701, 168 So. 75. The court held that “the facts here involved do not, per se, constitute manslaughter.... Whether the facts developed constitute, in this case, manslaughter is a question for decision of the jury.” Id. at 703, 168 So. 75. Had Parker also received the instruction, I would agree that as in Calvin we could affirm the jury’s rejection of the defense.
¶ 26. In the other principal ease relied upon by the majority, the defendant and the later homicide victim were in an argument about who could win a fight with the other. Barnett v. State, 563 So.2d 1377, 1379 (Miss.1990). The victim went to his car, got a knife and threatened to use it. Barnett then walked to his father’s nearby trailer and got a rifle, then went to his'own to get one bullet. Finally he returned and shot the victim. The supreme court held that no manslaughter instruction was needed. The question in each case is whether the specific factual provocation rises to the level of overwhelming the reason of an “ordinarily constituted” individual. The provocations in Barnett were nothing more than two men arguing with each other about their relative fighting skills, which escalated to one person pulling a knife and the other finding a rifle.
¶ 27. What occurred in our case more closely approaches the necessary provocation:
“Heat of Passion” is defined as: In criminal law, a state of violent and uncontrollable rage engendered by a blow or certain other provocation given, which will reduce a homicide from the grade of murder to that of manslaughter. Passion or anger suddenly aroused at the time by some immediate and reasonable provocation, by words or acts of one at the time. The term includes an emotional state of mind characterized by anger, rage, hatred, furious resentment or terror.
Mullins v. State, 493 So.2d 971, 974 (Miss.1986), quoting Black’s Law Diotionary 650 (5th Ed.1979). The presence of “[pjassion or anger suddenly aroused” is more of a jury question when the event was Parker’s learning that his pregnant girlfriend was getting a beating, and within five minutes having the events re-described to him at the scene.
¶28. This Court held in another case that an accused was as a matter of law guilty only of heat of passion manslaughter even though several minutes passed between the provocation and the shooting. The accused was beaten at a bar, then went to her house next door, tried but failed to place a phone call, found her gun, then went back to the bar and made certain that her assaulter would never hit her again. Wade v. State, 724 So.2d 1007, 1009 (Miss.App.1998). The Court found that there was insufficient evidence to sustain the jury’s convictioii for murder and reversed and entered judgment for manslaughter. Id. at 1011. The provocation was more substantial in Wade than here, but the point is that passage of a few minutes does not necessarily end the availability of the defense.
¶29. I find the evidence adequate that Parker was enraged. Not as convincing is that the provocation was one that should have caused an “ordinarily constituted man” to lose control, nor is it particularly compelling that the emotional state generated by the provocation was one that should have overthrown reason. There are, in other words, some facts upon which Parker could make an argument but which are not especially convincing.
*528 ¶ 80. However, what I find beyond dispute is that Parker’s only defense was to admit the crime but to seek the jury’s acceptance of heat of passion. This was the only instruction that he requested. Therefore, unless this instruction was given to the jury, Parker conceded guilt and there was nothing upon which the jury could deliberate.
¶ 31. It was also error for the trial court not to allow Welch’s instruction relating to his theory of defense. Defendants are entitled to have instructions on their theory of the case presented to the jury for which there is foundation in evidence, even though the evidence might be weak, insufficient, inconsistent, or of doubtful credibility, and even though the sole testimony in support of the defense is the defendant’s own testimony.
Welch v. State, 566 So.2d 680, 684 (Miss. 1990). In closing argument Parker’s attorney argued that the actions were “of a man that just lost it temporarily,” that he did not have a deliberate design to kill, and “what he did was an act of somebody in anger, in the heat of passion, that was irrational. He never planned to murder the man.” In other words, he argued all around “heat of passion” without having an instruction to support it.
¶ 32. It is reversible error to refuse to submit to a jury the instructions necessary to support an accused’s only defense unless there is no evidence to support it. This may seem to be “begging the question,” as the majority holds that there is no evidence. My view is that what actually exists here is that the provocation appears too insubstantial and the delay in committing the homicide too prolonged. In other words, the evidence is considered “weak, insufficient” and otherwise unconvincing. Id. With that I may agree, but it is for the jury to determine what is convincing. When the instruction is needed to present the accused’s only defense, its denial is essentially directing a verdict of guilt since the only granted instructions are on matters about which there is no dispute. The supreme court has rightly warned that denying such an instruction will be scrutinized closely.
¶ 33. Over several pages of transcript appear the thoughtful comments of the trial judge as he attempted to discern through questioning of the attorneys whether there was adequate evidence to support the instruction. That exchange is an exceptional example of the proper attention that is to be given by a trial judge to an important instruction. I do not disagree with the trial court that the evidence is weak. Where I part company is that when the instruction is an accused’s only defense, the evidentiary demand should not be so great.
¶ 34.1 would reverse and remand.
McMILLIN, C.J., KING, P.J. AND COLEMAN, J„ JOIN THIS SEPARATE OPINION.